# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2022

Lyle W. Cayce
Clerk

No. 20-60677
Summary Calendar

Inthujan Thanigasalam,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 679 035

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Inthujan Thanigasalam, a native and citizen of Sri Lanka, petitions for review of an order by the Board of Immigration Appeals dismissing his appeal of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He also filed a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60677

motion for the appointment of counsel but has since obtained pro bono representation by his former counsel.

Thanigasalam's counsel acknowledges that he consciously decided to forgo, and has thereby waived, any challenge to the agency's adverse credibility finding or the denial of the claim for CAT protection. *See United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010). He instead asserts that the BIA legally erred in concluding that the adverse credibility finding foreclosed Thanigasalam's claim for asylum based on the pattern-or-practice regulation of 8 C.F.R. § 208.13(b)(2)(iii).

In *Arulnanthy v. Garland*, 17 F.4th 586, 596 (5th Cir. 2021), we confirmed that an adverse credibility finding may be fatal to an applicant's asylum claim. We explained that, where, as here, there is no finding of past persecution triggering a presumption of a well-founded fear of future persecution, the applicant "must prove his subjective fear to win his asylum claim." *Id.* Since "an adverse credibility finding operates as a blanket rejection of *every* piece of testimony the applicant has offered," an applicant subject to such a finding "cannot possibly establish a subjective fear of persecution." *Id.*

Thanigasalam correctly asserts that, regardless of his credibility, he could nevertheless establish an objective fact, such as his Tamil ethnicity. *See id.* at 597. According to Thanigasalam, his objective proof of his Tamil ethnicity and the Sri Lankan government's pattern or practice of persecuting young Tamils was sufficient to trigger § 208.13(b)(2)(iii). Under that regulation, an asylum applicant alleging a well-founded fear of future persecution need not provide evidence that he would be "singled out individually for persecution," as long as he establishes: (A) "that there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to [him] on account of race, religion,

nationality, membership in a particular social group, or political opinion," and (B) "his or her own inclusion in, and identification with, such group of persons such that his or her fear of persecution upon return is reasonable." § 208.13(b)(2)(iii).

However, an asylum applicant's satisfaction of the requirements set forth in § 208.13(b)(2)(iii) establishes only the objective reasonableness of his alleged fear of future persecution. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). Thus, Thanigasalam "simply cannot establish that he *subjectively* fears future persecution," *Arulnanthy*, 17 F.4th at 597, and the BIA correctly concluded that the adverse credibility finding foreclosed his asylum application, *see id.*

In light of the foregoing, the petition for review is DENIED, and the motion for the appointment of counsel is DENIED AS MOOT.